UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERRY SIMONE WILSON,

    Petitioner,

    v.                                        Case No. 13-CV-1061

MICHAEL MEISNER,

    Respondent.

### DECISION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Jerry Simone Wilson, a prisoner in Wisconsin custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Wilson was convicted of first-degree reckless homicide-use of a dangerous weapon and two counts of first-degree recklessly endangering safety-use of a dangerous weapon. (Am. Habeas Pet. at 2, Docket # 34.) He was sentenced to forty years of incarceration, consisting of twenty-eight years of initial confinement followed by twelve years of extended supervision. (*Id.*) Wilson alleges that his conviction and sentence are unconstitutional. For the reasons stated below, the petition for writ of habeas corpus will be denied and the case dismissed.

### BACKGROUND

Wilson was charged in June 2009 with first-degree reckless homicide and first-degree recklessly endangering safety stemming from a shooting at a house party in the City of Milwaukee on May 23, 2009, that left one person dead and two people injured. (Decision and Order Denying Motion for Postconviction Relief in Milwaukee County Case No.

09CF002976, Docket # 34 at 26–27.) A jury trial was held in August 2010 and Wilson was found guilty on all charges. (*Id.* at 27.)

In April 2011, Wilson, by post-conviction counsel, filed a Wis. Stat. § 974.02 motion for post-conviction relief claiming that his trial counsel was ineffective for: failure to corroborate a possible alibi; failure to sufficiently investigate the possible misidentification of Wilson as the perpetrator; and failure to thoroughly cross-examine the State's key witness, Antwan Smith-Curran. (*State v. Wilson*, Appeal No. 2011AP1043 (Wis. Ct. of App. May 15, 2012) at ¶ 3, Docket # 34 at 20.) The trial court denied Wilson's motion without a hearing, finding Wilson's allegations conclusory and insufficient. (*Id.*) The court of appeals affirmed (Docket # 34 at 19–24) and the Wisconsin Supreme Court denied Wilson's petition for review (Docket # 34 at 25).

On September 16, 2013, Wilson filed a petition for a writ of habeas corpus in this court, alleging his conviction and sentence were unconstitutional on five grounds: (1) ineffective assistance of trial counsel; (2) conviction on insufficient evidence; (3) juror bias; (4) exclusion of courtroom identification; and (5) ineffective assistance of postconviction counsel. (Docket # 1.) Wilson also moved to stay and hold his petition in abeyance while he exhausted his state court remedies. (Docket # 2.) The court granted the motion, and the case was stayed on October 9, 2013. (Docket # 11.)

On November 4, 2013, Wilson filed a *pro se* motion for post-conviction relief pursuant to Wis. Stat. § 974.06 in state court, alleging that his post-conviction counsel was ineffective during the § 974.02 proceedings by failing to raise various issues related to trial

counsel's performance, including: (1) failure to investigate an allegedly exculpatory witness, Lakisha Wallace (newly discovered evidence); (2) failing to argue that he was convicted on insufficient evidence; (3) failure to argue juror bias; and (4) failure to challenge the identification process utilized by police. (Docket # 34 at 27–31.) The trial court denied Wilson's motion without a hearing. (*Id.*) The court of appeals affirmed. (*State v. Wilson*, Appeal No. 2013AP2590 (Wis. Ct. App. Sept. 16, 2014), Docket # 34 at 32–39.) Wilson filed a petition for review to the Wisconsin Supreme Court. (Docket # 34 at 41.) The supreme court ordered the State to file a response to Wilson's petition for review and to address arguments made by the Wisconsin Association of Criminal Defense Lawyers in an *amicus* brief. (*Id.*) The State responded by conceding that Wilson should have been granted an evidentiary hearing on his newly discovered evidence claim. (Docket # 34 at 42.) The supreme court reversed the portion of the court of appeals' decision affirming the denial of a hearing as to the newly discovered evidence claim and remanded to the trial court for an evidentiary hearing on that issue. (*Id.*) The supreme court further held the remainder of the proceedings in abeyance pending the outcome of the remand. (*Id.*) Wilson was appointed counsel to assist on remand.

An evidentiary hearing was held on Wilson's newly discovered evidence claim in August 2017 at which both Wilson and Wallace testified. (Answer, Ex. 42, Tr. of Aug. 11, 2017 Evid. Hearing, Docket # 42-58.) The trial court denied Wilson's motion in November. (Docket # 34 at 43.) On January 30, 2018, Wilson wrote to his appointed counsel, asking for a status update and inquiring as to the next steps in the process. (Docket # 53-1 at 2.) In

3

a letter dated the next day, Wilson's appointed counsel wrote to the supreme court stating that it was his position, given the trial court's ruling, that there was merit to an appeal of the trial court's denial of relief; thus, Wilson requested the supreme court to dismiss his petition for review and allow Wilson 30 days to file his notice of appeal. (Docket # 53-1 at 3.) On February 1, 2018, appointed counsel wrote to Wilson stating that he believed there was grounds to appeal the trial court's ruling and stated that he would be asking the supreme court to dismiss the petition for review so that they could begin the process of appealing the trial court's ruling. (Docket # 53-1 at 4.) Wilson responded on February 20, 2018, asking what the benefit was of dismissing the petition for review. (Docket # 53-1 at 5.) Wilson stated that "I don't what [sic] you to take this letter or any letter from me as, though I'm going against you. I just what [sic] to understand what you know." (*Id.*) Counsel responded on February 27, 2018, stating that he believed the court of appeals was the "right" venue for Wilson's claim and he was "skeptical that the Wisconsin Supreme Court would hold onto the matter, effectively bypassing the Court of Appeals on the matter." (Docket # 53-1 at 6.) Counsel explained that "I believe our best move is to join in the [State's] request to dismiss the petition, with the condition that we be allowed to file a timely notice of appeal so we can keep litigating for a new trial in the Court of Appeals." (*Id.*) Wilson did appeal the trial court's order denying his postconviction motion for relief based on newly discovered evidence, and the court of appeals affirmed the trial court's order. (*State v. Wilson*, Appeal No. 2018AP534 (Wis. Ct. App. Mar. 12, 2019), Docket # 34 at 45–60.) The Wisconsin Supreme Court denied Wilson's petition for review on July 10, 2019. (Docket # 34 at 62.)

4

Case 2:13-cv-01061-NJ    Filed 02/22/21    Page 4 of 18    Document 55

The stay in this court was lifted on July 30, 2019 (Docket # 33) and Wilson filed an amended habeas petition (Docket # 34). In his amended petition, Wilson alleges three grounds for habeas relief: (1) ineffective assistance of trial counsel; (2) ineffective assistance of post-conviction counsel; and (3) newly discovered evidence. (Docket # 34 at 6–8.)

## STANDARD OF REVIEW

Wilson's petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, a writ of habeas corpus may be granted if the state court decision on the merits of the petitioner's claim (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

A state court's decision is "contrary to . . . clearly established Federal law as established by the United States Supreme Court" if it is "substantially different from relevant [Supreme Court] precedent." *Washington v. Smith*, 219 F.3d 620, 628 (7th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). The court of appeals for this circuit recognized the narrow application of the "contrary to" clause:

> [U]nder the "contrary to" clause of § 2254(d)(1), [a court] could grant a writ of habeas corpus . . . where the state court applied a rule that contradicts the governing law as expounded in Supreme Court cases or where the state court confronts facts materially indistinguishable from a Supreme Court case and nevertheless arrives at a different result.

5

*Washington*, 219 F.3d at 628. The court further explained that the "unreasonable application of" clause was broader and "allows a federal habeas court to grant habeas relief whenever the state court 'unreasonably applied [a clearly established] principle to the facts of the prisoner's case.'" *Id.* (quoting *Williams*, 529 U.S. at 413).

To be unreasonable, a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." *Hennon v. Cooper*, 109 F.3d 330, 334 (7th Cir. 1997). Under the "unreasonableness" standard, a state court's decision will stand "if it is one of several equally plausible outcomes." *Hall v. Washington*, 106 F.3d 742, 748–49 (7th Cir. 1997). In *Morgan v. Krenke*, the court explained that:

> Unreasonableness is judged by an objective standard, and under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

232 F.3d 562, 565–66 (7th Cir. 2000) (quoting *Williams*, 529 U.S. at 411), *cert. denied*, 532 U.S. 951 (2001). Accordingly, before a court may issue a writ of habeas corpus, it must determine that the state court decision was both incorrect and unreasonable. *Washington*, 219 F.3d at 627.

## ANALYSIS

Wilson argues he is entitled to habeas relief on three grounds: (1) ineffective assistance of trial counsel; (2) ineffective assistance of post-conviction counsel; and (3) newly discovered evidence. More specifically, Wilson argues his trial counsel was

6

ineffective for failing to undertake an investigation of Smith-Curran's credibility and meaningfully cross-examine him. (Docket # 34 at 6.) Wilson argues his post-conviction counsel was ineffective for failing to raise trial counsel's ineffectiveness regarding: his ground one claims for relief; the investigation of Wallace; sufficiency of the evidence; identification procedures by police; and juror bias. (*Id.* at 7; Petitioner's Br. at 11, Docket # 45.) Finally, Wilson argues he is entitled to relief based on newly discovered evidence that Smith-Curran actually committed the crime Wilson was convicted of. (Docket # 34 at 8.) I will address each argument in turn.

    1.    *Ineffective Assistance of Trial Counsel*

Wilson argues his trial counsel was ineffective for failing to properly investigate Smith-Curran's credibility and meaningfully cross-examine him. The respondent argues that Wilson procedurally defaulted this claim because the Wisconsin Court of Appeals denied it on the adequate and independent state procedural ground that it was inadequately pled. (Resp. Br. at 24, Docket # 50.)

A federal court will not review a question of federal law decided by a state court if the decision of the state court rests on a state procedural ground that is independent of the federal question and adequate to support the judgment. *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002). The independent and adequate state ground doctrine "applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Id.* (internal quotation and citation omitted). But this doctrine will not bar habeas review unless the state court actually

7

Case 2:13-cv-01061-NJ   Filed 02/22/21   Page 7 of 18   Document 55

relied on the procedural default as an independent basis for its decision. Thus, "if the decision of the last state court to which the petitioner presented his federal claims fairly appears to rest primarily on the resolution of those claims, or to be interwoven with those claims, and does not clearly and expressly rely on the procedural default, we may conclude that there is no independent and adequate state ground and proceed to hear the federal claims." *Id.* A state court may reach the merits of a federal claim in an alternative holding; if it does so explicitly, then the independent and adequate state ground doctrine "curtails reconsideration of the federal issue on federal habeas." *Id.* (internal quotation and citation omitted).

In this case, the trial court denied Wilson's motion for postconviction relief without a hearing, finding that his allegations of ineffective assistance were conclusory and insufficient to warrant a hearing. (Docket # 34 at 16–18.) The Wisconsin Court of Appeals affirmed, stating that under *State v. Allen*, 2004 WI 106, 274 Wis. 2d 568, 682 N.W.2d 433 and *State v. Bentley*, 201 Wis. 2d 303, 548 N.W.2d 50 (1996), a hearing on a postconviction motion like Wilson's is only warranted when the movant states sufficient material facts that, if true, would entitle him to relief. (Docket # 34 at 21.) The court found that despite "a lengthy recitation of the standards set forth in *Bentley* and *Allen* . . . Wilson fail[ed] to make sufficient allegations to warrant relief." (*Id.* at 22.) As to the misidentification defense, the court of appeals found that while Wilson alleged trial counsel failed to investigate the possibility that he was misidentified as the perpetrator, Wilson "does not identify *who* the additional witnesses might be, *what* evidence they would have contributed, or *how* any of it would have

8

made a different result at trial a reasonable possibility." (*Id.* at 22–23.) As to Wilson's argument that trial counsel failed to reveal to the jury the "bad blood" between Smith-Curran and Wilson during Smith-Curran's cross-examination, the court of appeals found that Wilson's statements were conclusory and self-serving and he failed to "identify the source of the bias or ill-will, the reason Smith-Curran had to lie, or the basis for the 'bad blood' between the two men." (*Id.* at 23.) The court of appeals concluded that because the allegations in Wilson's post-conviction motion were insufficient under *Bentley* and *Allen*, the trial court did not erroneously exercise its discretion in denying a hearing. (*Id.* at 24.)

In *Lee v. Foster*, 750 F.3d 687 (7th Cir. 2014), the court held that the rule set forth by the Wisconsin Supreme Court in *State v. Allen*, requiring specific allegations of fact needed to show relief in order to obtain an evidentiary hearing, is an adequate and independent state law basis that precludes federal review under § 2254. The court explained:

> The rule requires a petitioner to provide sufficient material facts, "e.g., who, what, where, when, why, and how-that, if true, would entitle him to the relief he seeks." *Allen*, 682 N.W.2d at 436. Lee contends that the level of specificity in his postconviction motion—as an incarcerated defendant who was purportedly represented by ineffective counsel at both the trial and appellate levels—should be sufficient to withstand review under the *Allen* rule. Yet our review of the adequacy of a state ground is limited to whether it is a firmly established and regularly followed state practice at the time it is applied, not whether the review by the state court was proper on the merits. And the *Allen* rule is a well-rooted procedural requirement in Wisconsin and is therefore adequate. *See, e.g.*, *State v. Negrete*, 343 Wis. 2d 1, 819 N.W.2d 749, 755 (2012); *State v. Balliette*, 336 Wis. 2d 358, 805 N.W.2d 334, 339 (2011); *State v. Love*, 284 Wis. 2d 111, 700 N.W.2d 62, 68–69 (2005); *State v. McDougle*, 347 Wis. 2d 302, 830 N.W.2d 243, 247–48 (Ct. App. 2013). Consequently, we find the state procedural requirement relied upon by the Wisconsin Court of Appeals both independent and adequate. Lee's ineffective assistance claim is procedurally defaulted.

*Id.* at 693–94. Thus, the *Bentley/Allen* rule is adequate to support the judgment. Further, it is clear from the decisions that the state courts actually relied on the procedural default as an independent basis for their decisions. For these reasons, Wilson procedurally defaulted ground one of his petition. While a procedural default can be excused if a petitioner can show cause and prejudice or that failure to review the claim would result in a miscarriage of justice, *see Coleman v. Thompson*, 501 U.S. 722, 750 (1991), Wilson does not make such a showing. As such, Wilson is not entitled to relief on ground one of his amended habeas petition.

    2.    *Ineffective Assistance of Postconviction Counsel*

Wilson argues his postconviction counsel was ineffective for failing to present claims of ineffective assistance of trial counsel. Specifically, trial counsel's failure to raise: (1) his ground one claims for relief, (2) the investigation of Wallace, (3) sufficiency of the evidence, (4) the identification procedures used by police, and (5) juror bias. I will address each argument in turn.

    2.1    Legal Standard

As an initial matter, I must address whether I can even consider Wilson's claim of ineffective assistance of postconviction counsel. Section 2254(i) provides that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."

Case 2:13-cv-01061-NJ   Filed 02/22/21   Page 10 of 18   Document 55

Under Wisconsin criminal procedure, issues involving the ineffective assistance of trial counsel are raised in Wis. Stat. § 974.02 motions before the trial court and issues of ineffective assistance of postconviction counsel are raised in Wis. Stat. § 974.06 motions before the trial court. Wilson argues that postconviction counsel, who filed the initial motion pursuant to Wis. Stat. § 974.02, was ineffective for failing to raise additional grounds of ineffective assistance of trial counsel. Courts in this district have found that challenging postconviction counsel's failure to preserve the issue of ineffective assistance of trial counsel for direct appeal does not regard counsel's performance during a collateral proceeding, and thus is not precluded by 28 U.S.C. § 2254(i). *Nelson v. Huibregtse*, No. 07-C-1022, 2009 WL 73149, at *4 n.1 (E.D. Wis. Jan. 6, 2009); *McCloud v. Jenkins*, No. 07-C-1050, 2007 WL 4561108, at *4 n.1 (E.D. Wis. Dec. 21, 2007).

Subsequent to those cases, however, the Seventh Circuit decided *Huusko v. Jenkins*, 556 F.3d 633, 635 (7th Cir. 2009), and questioned whether Wisconsin's procedure in § 974.02 should be deemed "collateral," noting that in federal court and most state courts, a hearing to inquire into the effectiveness of trial counsel is normally a collateral proceeding. *Id.* at 635–36. The court noted that if Wisconsin's § 974.02 proceeding was deemed non-collateral and therefore outside the scope of § 2254(i), then "Wisconsin's prisoners will enjoy a right to effective assistance of counsel in pursuing ineffective-assistance contentions, even though prisoners in Indiana, Illinois, and most other states do not enjoy such a right." *Id.* at 636. Having posed the question, the court decided not to answer it, noting that the state had waived it and petitioner's claim failed on the merits. *Id.* at 635.

11

In a later unpublished decision, the Seventh Circuit noted that while it had previously raised the question of whether a posttrial motion under § 974.02 was considered collateral, "more recently—as advocated by Wisconsin—we have understood a § 974.02 motion to be a step toward a defendant's direct appeal, *see Nash v. Hepp*, 740 F.3d 1075, 1079 (7th Cir. 2014). And for a direct appeal the assistance of counsel is constitutionally guaranteed." *London v. Clements*, 600 F. App'x 462, 466 (7th Cir. 2015). Given the Seventh Circuit's more recent position (albeit stated in a nonprecedential disposition) and the respondent's failure to raise the issue, I will assume, without deciding, that Wilson's ineffective assistance of postconviction counsel claims are not barred by § 2254(i).

The Sixth Amendment, made applicable to the states by way of the Due Process Clause of the Fourteenth Amendment, *see Gideon v. Wainwright*, 372 U.S. 335 (1963), entitles a criminal defendant to the effective assistance of counsel not only at trial, but during his first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387 (1985). The appropriate standard for evaluating a claim of ineffective assistance of appellate counsel is the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Winters v. Miller*, 274 F.3d 1161, 1167 (7th Cir. 2001).[1] The general *Strickland* standard governs claims of ineffective assistance of appellate counsel as well as trial counsel, "but with a special gloss when the challenge is aimed at the selection of issues to present on appeal." *Makiel v. Butler*, 782 F.3d

---

[1] Although Wilson does not challenge postconviction counsel's performance in the court of appeals, but in the § 974.02 proceeding in the trial court (which is how claims of how ineffective assistance of trial counsel must be made in Wisconsin), given the nature of the proceedings (i.e., Wilson challenges post-conviction counsel's failure to raise specific arguments), I consider counsel's performance using the appellate attorney "clearly stronger" standard of *Strickland*. *See Hipler v. Hepp*, No. 09-CV-371, 2010 WL 1687873, at *6 n.2 (E.D. Wis. Apr. 23, 2010).

882, 897 (7th Cir. 2015). Because appellate counsel is not required to raise every non-frivolous issue on appeal, appellate counsel's performance is deficient under *Strickland* only if she fails to argue an issue that is both "obvious" and "clearly stronger" than the issues actually raised. *Id.* at 898. Proving that an unraised claim is clearly stronger than a claim that was raised is generally difficult "because the comparative strength of two claims is usually debatable." *Id.* (internal quotation and citation omitted).

### 2.2 Application to this Case

As stated above, Wilson's post-conviction counsel filed a Wis. Stat. § 974.02 motion claiming that trial counsel was ineffective for: failure to corroborate a possible alibi, failure to sufficiently investigate the possible misidentification of Wilson as the perpetrator, and failure to thoroughly cross-examine the State's key witness, Antwan Smith-Curran. (*State v. Wilson*, Appeal No. 2011AP1043 (Wis. Ct. of App. May 15, 2012) at ¶ 3, Docket # 34 at 20.) Wilson argues that his post-conviction counsel should have raised the following claims of ineffective assistance of trial counsel: (1) his ground one claims for relief (identification and cross-examination of Smith-Curran); (2) the investigation of Wallace; (3) sufficiency of the evidence; (4) the identification procedures used by police; and (5) juror bias.

As to Wilson's first argument, post-conviction counsel *did* raise Wilson's ground one claims for relief in his § 974.02 motion, thus, post-conviction counsel clearly was not ineffective for this reason. Regarding Wilson's claims on sufficiency of the evidence, juror bias, and police identification procedure, the Respondent argues that they are procedurally defaulted because Wilson failed to raise them before the Wisconsin Supreme Court. As

13

recounted above, Wilson initially did raise these issues before the Wisconsin Supreme Court. Wilson's counsel dismissed the petition for review (containing the sufficiency of the evidence, juror bias, and police identification procedure claims) so that Wilson could pursue an appeal of what he believed was Wilson's best argument—a new trial based on the newly discovered evidence of Wallace's statement. Wilson now argues that he never agreed to the dismissal of his petition for review, and again moves to stay his habeas petition and hold it in abeyance to raise the claim of postconviction counsel's ineffectiveness for dismissing Wilson's petition for review. (Docket # 51.) I will not grant Wilson a second stay and abeyance. A stay and abeyance is inappropriate when an unexhausted claim is plainly meritless. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Beyond making the conclusory statement that he has established a "'clearly stronger' issue," (Petitioner's Reply Br. at 7, Docket # 53), Wilson does not explain or otherwise demonstrate how the sufficiency of the evidence, juror bias, and police identification procedure issues he now raises are both "obvious" and "clearly stronger" than the issues post-conviction counsel actually raised. Thus, Wilson has not shown post-conviction counsel was ineffective for failing to raise those issues.

Wilson also does not show that post-conviction counsel erred as to Wallace's testimony. Wilson did raise the issue before the state trial court that his post-conviction counsel was ineffective for failing to investigate Wallace as a potentially exculpatory witness. (Docket # 34 at 27.) Wilson presented Wallace's affidavit to the trial court, in which she stated that she saw Smith-Curran with a gun the night of the shooting and saw

14

him run into the large crowd outside her duplex shooting the gun. (*Id.* at 28.) She also stated, however, that she heard others shooting as well. (*Id.*) Wallace also recounted Smith-Curran's alleged statement to his brother that he "just popped" someone and her cousin's statement to the police that Wilson was not there when the shooting took place. (*Id.* at 29.) The trial court found that Wallace's statements with respect to Smith-Curran and others are hearsay and would not have been admissible to show that Smith-Curran shot any of the victims. (*Id.*) Thus, the court found Wilson was not entitled to a new trial because the result would not be different. (*Id.*) The court of appeals agreed, finding that Wallace's statements were hearsay, and inadmissible evidence is insufficient to challenge a conviction. (*Id.* at 36, ¶ 10.)

Although the Supreme Court reversed the court of appeals' decision and ordered an evidentiary hearing as to Wallace's affidavit, after the trial court conducted an evidentiary hearing and the case was again before the court of appeals, the court did not even reach the issue of whether a reasonable probability existed that a different result would be reached at trial. Rather, the court of appeals found that Wilson failed to even meet the threshold showing required for a new trial that he was not negligent in seeking the evidence. (*Id.* at 59, ¶ 40.) But even considering Wallace's testimony, she continued to assert that while she saw Smith-Curran shooting on the night in question, she also heard more than one person shooting. (*Id.* at 52, ¶ 21.) She also continued to rely on the hearsay statements of what she heard Smith-Curran tell his brother about "popping" someone. (*Id.*) Again, the trial court, as affirmed by the court of appeals, determined that Wilson did not show a reasonable

15

probability of a different result with Wallace's testimony. The court found that because Wilson could not establish prejudice from trial counsel's failure to pursue Wallace, post-conviction counsel was not ineffective for failing to challenge trial counsel on this issue. The state courts' original conclusions that Wilson failed to establish post-conviction counsel was ineffective still hold true, even after hearing Wallace's testimony. On this record, Wilson has not demonstrated that he is entitled to habeas relief as to ground two of his amended petition.

   3.   *Newly Discovered Evidence*

Finally, Wilson asserts Wallace's statement is newly discovered evidence that establishes that Smith-Curran committed the crime Wilson was convicted of. (Docket # 34 at 8.) Claims of actual innocence based on newly discovered evidence are generally not grounds for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. *See Arnold v. Dittmann*, 901 F.3d 830, 837 (7th Cir. 2018) ("To date, an assertion of actual innocence based on evidence post-dating a conviction has not been held to present a viable claim of constitutional error."); *Herrera v. Collins*, 506 U.S. 390, 400 (1993). While Wilson argues that the "independent constitutional violation" is the ineffective assistance of his trial and post-conviction counsel (Petitioner's Reply Br. at 7), these claims are rejected as explained above. Thus, Wilson is not entitled to habeas relief on ground three of his amended petition.

## CONCLUSION

Wilson alleges he is entitled to habeas relief due to ineffective assistance of both trial and post-conviction counsel. He also alleges newly discovered evidence establishes his actual innocence. I find that none of these grounds entitle Wilson to habeas relief. Thus, Wilson's amended petition for a writ of habeas corpus is denied.

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 and n.4).

When issues are resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Each showing is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

17

Jurists of reason would not find it debatable that Wilson is not entitled to habeas relief. Thus, I will deny Wilson a certificate of appealability. Of course, Wilson retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's amended petition for a writ of habeas corpus (Docket # 34) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion to stay (Docket # 51) is **DENIED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability shall not issue.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 22nd day of February, 2021.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge